# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

MELVIN WASHINGTON and
DEBORAH JEAN BRODE, his wife,

Plaintiffs,

v.                                                              CIVIL ACTION NO.: 3:17-CV-49
                                                                (GROH)

OX PAPERBOARD, LLC, a
West Virginia limited liability
Company and
JOHN DOES 1 through 10,

Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Currently before the Court is Defendant Ox Paperboard, LLC's Motion to Dismiss Amended Complaint, filed on June 6, 2017. ECF No. 7. On June 18, 2017, Plaintiffs Melvin Washington and Deborah Jean Brode filed a Response in Opposition to the Defendant's Motion. ECF No. 8. The Defendant filed a Reply on June 20, 2017. ECF No. 9. Accordingly, this issue is now ripe for the Court's consideration, and for the following reasons, The Defendant's motion shall be **GRANTED**.

### I. INTRODUCTION

Ox Paperboard, LLC ("Defendant") removed this matter from the Circuit Court of Jefferson County, West Virginia, on April 28, 2017. ECF No. 1. On May 3, 2017, the Defendant filed a motion to dismiss [ECF No. 3]; however, Melvin Washington and Deborah Jean Brode ("Plaintiffs") filed an amended complaint on

May 23, 2017. ECF No. 5. Thereafter, the Defendant filed the instant motion to dismiss Plaintiffs' amended complaint.

## II. BACKGROUND

Plaintiffs' complaint contains two counts, alleging "deliberate exposure" by the Defendant and negligence by John Does one through ten. Both counts arise out of the same set of facts. Plaintiff Washington, during the course of his employment at the Defendant's Halltown, West Virginia, facility, was transporting large rolls of paper measuring seventy inches tall by five inches wide and weighing over three hundred pounds. He sustained serious injuries while transporting these rolls when several of them fell off the "skateboard" he was using to transport them.

Plaintiffs aver that the Defendant deliberately exposed Mr. Washington to an unsafe working condition, which presented a high degree of risk and a strong probability of serious injury or death pursuant to West Virginia Code § 23-4-2(d)(2)(ii). Further, Plaintiffs argue that John Does one through ten are unknown parties who may also be liable for their injuries. Specifically, John Does one through ten are any parties who provided services to the Defendant, including consulting, training, maintaining or supervising the procedures and processes regarding the transportation of large rolls of paper within the Defendant's facility.

The Defendant contends that it is not liable under West Virginia Code § 23-4-2(d)(2)(ii) because Plaintiffs have failed to adequately plead the requisite elements. The Defendant argues that because Plaintiffs have failed to establish the five elements required by the statute, West Virginia's workers' compensation scheme imposes a legal bar to Plaintiffs' claim. Moreover, the Defendant argues

that Plaintiffs' claims against John Does one through ten must also fail as a matter of law.

### III. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff and must view the allegations in a light most favorable to the plaintiff. See Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To that end, Federal Rule of Civil Procedure 8 articulates a pleading standard which "does not require detailed factual allegations, but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement" does not suffice. Id. (alteration in original) (citation

and internal quotation marks omitted). A party is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). When reviewing a complaint's sufficiency under Rule 12(b)(6), a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

### IV. WEST VIRGINIA'S DELIBERATE INTENTION STATUTE

West Virginia Code § 23-2-6 of the West Virginia Workers' Compensation Act is "the exclusive remedy as against an employer for workplace injuries or death and provides general immunity from suit for such injuries or death to qualifying employers." Young v. Apogee Coal Company, 753 S.E.2d 52, 55 (W. Va. 2013). There is no immunity under the Act, however, "if the employer or person against whom liability is asserted acted with 'deliberate intention.'" W. Va. Code § 23-4-2(d)(2).[1] The Act "is intended to remove from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee." W. Va. Code §

---
[1] W. Va. Code § 23-4-2 was amended in 2015; however, the amendments do not apply to injuries that occurred prior to July 1, 2015. Because the injury in question occurred on January 30, 2015, the Court refers to the statute as it was written and amended in 2014 throughout this Order.

4

23-4-2(d)(1). An employer's immunity from tort liability "may be lost only if the employer or person against whom liability is asserted acted with 'deliberate intention.'" W. Va.Code § 23-4-2(d)(2). Under the exception, an employee may recover damages in excess of those received under the workers' compensation scheme. Mayles v. Shoney's, Inc., 405 S.E.2d 15, 18 (W. Va. 1990).

Section 23-4-2(d)(2)(ii) sets forth one method for proving deliberate intent. Syl. Pt. 3, Young, 753 S.E.2d at 54. To succeed on a claim under subsection (ii), a plaintiff must establish five elements:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
>
> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

5

W. Va. Code § 23-4-2(d)(2)(ii). A court, however, must dismiss a subpart (ii) action "upon motion for summary judgment if it finds . . . that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E) . . . do not exist." Id. § 23-4-2(d)(2)(iii)(B). In this case, the parties dispute only whether Plaintiffs can establish the requisite facts to satisfy subparagraph (C).

Subparagraph (C) requires that the specific unsafe working condition must have violated "a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer." W. Va. Code. § 23-4-2(d)(2)(ii)(C) (2014).

"The requirement of subsection (C) may be met by alleging and proving that the employer violated a federal or state safety law or regulation or, alternatively, that it violated an industry or business safety standard." Handley v. Union Carbide Corp., 804 F.2d 265, 272 n.24 (4th Cir. 1986). Under the Act, plaintiffs are precluded from simply relying on a statute, rule, regulation or standard that *generally* requires safe workplaces, equipment or working conditions to adequately meet the burden proscribed by the West Virginia legislature. To the contrary, a plaintiff must demonstrate that the *specific* unsafe working condition violated a "statute, rule, regulation or standard . . . *specifically applicable* to the particular work and working condition involved." Id. (emphasis added). "In other words, the standard asserted by the employee must 'impose[ ] a specifically identifiable duty upon an employer, as opposed to merely expressing a generalized goal,' and be 'capable of application to the specific type of work at issue.'" Coe v. Outback Steakhouse of Florida, LLC, Civil Action No. 1:11CV113, 2013 WL

6

140107, at *7 (N.D. W. Va. Jan. 10, 2013) (quoting Ryan v. Clonch Indus., 639 S.E.2d 756, 764 (W. Va. 2006); see also Hunt v. Brooks Run Mining Co., LLC, 51 F. Supp. 3d 627 (S.D. W. Va. 2014) (dismissing deliberate intent action where federal mine safety regulation allegedly violated was not sufficiently specific to adequately support plaintiff's claim); Greene v. Carolina Freight Carriers, 663 F. Supp. 112 (rejecting plaintiff's deliberate intent claim where the cited regulation was general in nature, merely requiring safe equipment); Bowden v. Frito-Lay, Inc., Civil Action No. 5:09-cv-00914, 2010 WL 3835222, (S.D. W. Va. Sept. 28, 2010) (finding regulation that imposed a general safety requirement on employers, without any specific requirements or duties, failed to adequately establish the subsection (C) requirement); Brown v. Appalachian Mining, Inc., 141 F.3d 1157, 1998 WL 200317, at *4 (4th Cir. Apr. 27, 1998) (unpublished table decision) (upholding district court's dismissal of deliberate intent claim where plaintiff cited regulation requiring machinery and equipment be maintained in safe operating condition because it was "exactly the kind of general safety provision that the statute itself declares insufficient"); and McGovern v. PPG Industries, Inc., Civil Action No. 5:14CV69, at *4 (N.D. W. Va. Sept. 30, 2014) (granting defendant's motion to dismiss plaintiff's deliberate intent claim because the cited statute was "a general safety requirement insufficient to state a claim under subparagraph (C) of the West Virginia deliberate intention statute").

## V. DISCUSSION

Count one of Plaintiffs' amended complaint lists seven standards that the Defendant allegedly violated. Specifically, Plaintiffs cite various ANSI, ASME, BS

7

EN and EN standards in support of their deliberate intention claim. BS EN and EN standards are European standards provided by the European Committee for Standardization. Ox Paperboard is located in the United States of America, which is not a member of the European Committee for Standardization.

Regardless, the various standards Plaintiffs have cited fail to satisfy the statutory requirements for adequately pleading a deliberate intention claim in West Virginia. All of the standards Plaintiffs incorporated herein to their amended complaint are precisely the sort of general, unspecific standards explicitly disallowed by the deliberate intention statute. On their faces, these standards express generalized goals of safety and cleanliness rather than imposing any "specifically identifiable duty upon an employer" to take some predetermined action. Ryan, 639 S.E.2d at 764. Thus, the general standards cited by Plaintiffs are not rules or regulations "specifically applicable to the particular work and working condition involved." W. Va. Code § 23-4-2(d)(2)(ii)(C).

In response to the Defendant's motion to dismiss, Plaintiffs' terse rebuttal rests heavily on the Federal Rules' 12(b)(6) standard, which generally favors plaintiffs. Indeed, Plaintiffs aver that "Discovery in this matter will further crystalize Plaintiffs' position." ECF No. 8 at 6. However, Plaintiffs' must first satisfy the pleading requirements and avoid dismissal at the motion to dismiss stage to enjoy continued discovery in this matter. Contrary to Plaintiffs' assertions, "the factual content and allegations set forth in the complaint" do not "certainly allow this Court to 'draw a reasonable inference that the Defendant is liable for the alleged misconduct.'" Id. at 6-7 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Plaintiffs aver that future experts *may* testify that the standards cited in their amended complaint were applicable to the industry and nature of work being performed at Ox when Plaintiff Washington was injured. However, each standard is clear on its face, and when compared with cases from the Supreme Court of West Virginia, this District, its sister District and the Fourth Circuit, the Court is left without any reservations that these are precisely the sort of standards explicitly contemplated by the West Virginia legislature when it established the State's workers' compensation scheme. See supra Section IV.

It is of no moment that Plaintiffs *might* produce experts who would testify that the cited standards are commonly accepted throughout the industry because the standards themselves are fatally flawed, as explained above. See Hunt, 51 F. Supp 3d at 633-34 (finding expert testimony alone regarding employer's alleged violation of a commonly accepted and well known safety standard within that industry insufficient because "that testimony must be supplemented by 'competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business.' W. Va. Code § 23-4-2(d)(2)(ii)(C)"); Bennett v. The Kroger Co., 155 F.3d 557, 1998 WL 398823, *3 (4th Cir. 1998) (unpublished table decision) (affirming district court finding that expert testimony was insufficient to establish third prong of deliberate intent claim where "expert did not set forth specific, well-known standards"); see also Hoschar v. Appalachian Power Co., Civil Action No. 3:11–00152, 2012 WL 6004151, at *9 (S.D. W. Va. Nov. 30, 2012) ("Without evidence of common acceptance, the Court concludes that Plaintiff cannot make out a *prima facie* claim under the deliberate intention statute."); but

9

cf. Smith v. Metso Paper USA, Inc., Civil Action No. 1:13CV266, 2014 WL 1404727, at *4 (N.D. W. Va. Apr. 10, 2014) (finding federal regulation providing that material stored in tiers *shall* be stored in a particular manner was sufficiently specific to satisfy the third prong because the injury in that case resulted from material stacked in tiers and the word "shall" imposed an affirmative duty upon the employer).

Finally, Plaintiffs noted that the Occupational Safety and Health Administration ("OSHA") cited "the Defendant and found that the work conditions were known and were capable of producing serious injury or death." ECF No. 8 at 5. Although the cited OSHA citation demonstrates an administrative finding that the conditions could've resulted in serious injury or death—another factor under the deliberate intent statute—it does nothing to buttress the third factor, which is the only one currently at issue. Indeed, as the Defendant pointed out in its reply, the code section OSHA cited the Defendant for violating is a general requirement to maintain a safe place of employment. ECF No. 9 at 2; see ECF No. 9-1. Provisions requiring workplaces to be kept safe, clean and orderly are precisely the sort of regulations upon which deliberate intent claims may not be based. Accordingly, OSHA's citation is inconsequential to the Court's inquiry.

Therefore, the Court finds that the standards cited by Plaintiffs in their amended complaint fail to meet the statutory burden proscribed by the West Virginia legislature in W. Va. Code § 23-4-2 because they are too general and neither applicable to the Defendant's industry nor the actual, specific work Plaintiff

Washington was performing at the time he was injured.  Accordingly, Count one of Plaintiffs' amended complaint must be dismissed.

### VII. NEGLIGENCE CLAIMS AGAINST JOHN DOES ONE THROUGH TEN

The remaining count of Plaintiffs' amended complaint alleges negligence against ten unknown defendants, labeled John Does one through ten.  Specifically, Plaintiffs allege that these individuals or entities did not employ Plaintiff Washington but provided services to the Defendant, including consulting, training and/or supervising the process and procedures regarding the transporting of large rolls of paper at the Defendant's facility.  Therefrom, Plaintiffs aver that the alleged negligence occurred, which ultimately led to Plaintiff Washington's injuries.

First, the Court notes that the underlying complaint filed in the Circuit Court of Jefferson County was filed on January 27, 2017—seven months ago.  In seven months Plaintiffs have yet to unearth and name any John Does.  Regardless, assuming *arguendo* that John Doe is out there somewhere, Plaintiffs' negligence claim must fail as a matter of law.

In its motion to dismiss, the Defendant aptly pointed to the Workers' Compensation Act's provision extending immunity to "every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention." W. Va. Code § 23-2-6a.  Even construing Plaintiffs' amended complaint in a light most favorable to their cause, the Court simply cannot find that any action, as alleged, against John Does one through ten could possibly survive absent a showing of deliberate intent.  Moreover, the Court has exhaustively explained

supra why Plaintiffs amended complaint fails to adequately plead a deliberate intent action under West Virginia law. Thus, the second, and only remaining, claim in Plaintiffs' amended complaint must be dismissed.

### VIII. CONCLUSION

Based upon the foregoing, the Court finds that Plaintiffs' amended complaint must be dismissed for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendant's Motion to Dismiss Amended Complaint [ECF No. 7] is **GRANTED**, and accordingly, this Civil Action is hereby **DISMISSED WITH PREJUDICE**. This case is hereby **ORDERED STRICKEN** from the Court's active docket.

The Defendant's Motion to Dismiss [ECF No. 3] is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to enter a separate Judgment in favor of the Defendant in accordance with Rule 58 of the Federal Rules of Civil Procedure. The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: August 31, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE